Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gina Dagostino**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **CARRINGTON MORTGAGE SERVICES, LLC**; and DOES 1 through 10, inclusive, <br><br> Defendant(s). | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. UNFAIR COMPETITION LAW [CAL. BUS. & PROF. C. § 17200] <br> 2. CONSUMER LEGAL REMEDIES ACT [CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.] <br> 3. BREACH OF CONTRACT <br> 4. FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681 S-2(B)] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Gina Dagostino ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon

**CLASS ACTION COMPLAINT**
-1-

personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of CARRINGTON MORTGAGE SERVICES, LLC ("Defendant") in failing to properly electronically withdraw payments from Plaintiff and other similarly situated consumers contrary to its written representations which constitutes a violation of the Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 ("UCL"), the Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq. ("CLRA"), and breach of contract. Defendant additionally reported inaccurate information on Plaintiff's credit report, thus violating the Fair Credit Reporting Act ("FCRA").

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1331* because this action arises under a Federal Question, namely the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because the mortgage at issue was within the County of San Bernardino, Plaintiff resided in San Bernardino at the relevant times, and Defendant does business within the state of California.

## PARTIES

4. Plaintiff, GINA DAGOSTINO ("Plaintiff"), is a natural person residing in Lathrop, California and is a "a "consumer" as defined by 15 U.S.C. §1681a.

5. Defendant CARRINGTON MORTGAGE SERVICES, LLC ("Defendant") is a home mortgage company that offers ancilliary services including electronic methods for making payments, and is a "person" as defined by 15 U.S.C. §1681a(b) and is an "information furnisher" as defined by the FCRA.

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. In or around June of 2018, Plaintiff used Defendant's online website to arrange for her mortgage payment to be automatically made on July 1, 2018.

9. Plaintiff made this arrangement because Plaintiff was traveling out-of-town in July 2018 and accordingly needed to make use of Defendant's automatic online payment platform.

10. After going through Defendant's online platform and setting up the automatic payment, Defendant provided a webpage which informed Plaintiff that Plaintiff's AutoPay draft would occur on July 1, 2018.

11. Despite this, on July 1, 2018, Defendant did not automatically withdraw the funds contrary to its representations.

12. Instead, Defendant failed to withdraw the funds, did not inform Plaintiff of its failure, and thereafter marked Plaintiff thirty (30) days late on her credit report due to its failure.

13. The aforementioned representations regarding Defendant's setup of Plaintiff's automatic payments were misleading and outright deceptive.

14. Defendant failed to disclose that its representation that it would automatically withdraw funds on July 1, 2018 were in fact false and that it would fail to do so.

15. Defendant's representations regarding the features of its AutoPay system were material in Plaintiff's decision to use the system in making a payment on her mortgage. That is, had Plaintiff known that Defendant would not withdraw funds on the proper date as indicated by its AutoPay system, Plaintiff would not have agreed to use the system to pay her mortgage with Defendant.

16. Furthermore, Plaintiff had no reasonable opportunity to uncover such deception prior to transacting with Defendant, as the deception was only able to be uncovered after Defendant failed to withdraw the funds.

17. Additionally, Defendant furnished inaccurate and false information on Plaintiff's credit report relating to the amount and status of the mortgage. This has resulted in a negative effect on Plaintiff's credit score.

18. On or about August 4, 2019, Plaintiff submitted a written dispute to the Credit Reporting Agencies disputing the validity of the reporting furnished by Defendant. Defendant has not corrected the wrong reporting on her Account at this time.

19. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

20. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

21. The inaccurate information negatively reflects upon the Plaintiff,

Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

22. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

   b. Decreased credit score which may result in inability to obtain credit on future attempts.

   c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

24. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

25. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

26. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

27. The conduct described herein amount to numerous violations of the Unfair Competition Law, California's Consumer Legal Remedies Act, and a Breach of Contract, as well as a violation of the federal Fair Credit Reporting Act, and for such violations, Plaintiff here and now seeks remediation of all of Defendants' wrongful acts in the form of all due and proper legal and equitable relief.

## CLASS ALLEGATIONS

28. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of a proposed Class (hereafter, "The Class"). The Class is defined as follows:

> All persons in California whom setup Defendant's AutoPay platform to withdraw money on a certain date and for whom Defendant failed to withdraw the agreed to money on the certain date within the four years prior to the filing of this Complaint.

29. Plaintiff represents, and is a member of, The Class, consisting of all persons in California whom setup Defendant's AutoPay platform to withdraw money on a certain date and for whom Defendant failed to withdraw the agreed to money on the certain date within the four years prior to the filing of this Complaint.

30. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

31. The Class are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

32. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant represented it would automatically withdraw funds for the payment of a bill through its AutoPay platform when in fact it would fail to make such withdrawals and then charge late fees as a result of its failure against Plaintiff and the Class.

33. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant represented that it would withdraw funds for the payment of a bill through its AutoPay platform to Plaintiff and the Class;

   b. Whether Defendant failed to make such withdrawals and then assessed late fees and other costs;

   c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

34. As a person who made an arrangement with Defendant through its AutoPay platform and for whom Defendant failed to withdraw pursuant to such

arrangement and suffered harm as a result, Plaintiff is asserting claims that are typical of The Class.

35. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

36. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

37. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

38. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

# FIRST CAUSE OF ACTION

## Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

### Individually and on behalf of the Class against Defendant

39. Plaintiff incorporates by reference each allegation set forth above.

40. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

41. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

42. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

43. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

44. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that Defendant would withdraw funds through its AutoPay platform to satisfy bills in order to induce them to agree to such service. In fact, Defendant knew that they had no intention of providing the represented services and instead charged late fees. Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

45. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the nature of its AutoPay platform, consumers changed their position by not separately making a payment and thus incurring late fees when Defendant failed to make such payment, thus causing them to suffer injury in fact. Defendant failed to take reasonable steps to inform Plaintiff and class members that the representations were false. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

46. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

47. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

48. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

49. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant represented it would withdraw funds on a certain date per its AutoPay platform when in fact it had no intention to withdraw funds on such date. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant against Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

50. As explained above, Defendant deceived Plaintiff and other Class Members by misrepresenting the features of its AutoPay platform.

51. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

52. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

53. Defendant's conduct violated the Consumer Legal Remedies Act as

further described below and thus was an unlawful business practice.

54. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## SECOND CAUSE OF ACTION
### Violation of Consumer Legal Remedies Act
### Cal. Civ. Code § 1750 et seq.
### Individually and on behalf of the Class against Defendant

55. Plaintiff incorporates by reference each allegation set forth above.

56. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

    a. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

    b. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code §1770(16);

57. On August 17, 2020, through her Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within

thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant.

58. On September 10, 2020, Defendant replied to this correspondence but refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

59. The required venue affidavit is attached hereto.

### THIRD CAUSE OF ACTION
### Breach of Contract
### Individually and on behalf of the Class against Defendant

60. Plaintiff incorporates by reference each allegation set forth above.

61. Defendant and Plaintiff and the Class entered into a contract by which Defendant would automatically withdraw funds using its AutoPay platform on a certain date.

62. Plaintiff and the Class agreed to the terms of such contract and gave authority for Defendant to do so.

63. Defendant failed to perform under the contract by failing to timely withdraw the relevant funds.

64. Plaintiff and the Class have been harmed by Defendant's failure because they have incurred late fees and did not have payments on their bills timely processed.

65. Defendant's breach of contract was a substantial factor in causing Plaintiff and the Class's harm.

### FOURTH CAUSE OF ACTION
### Violation of Fair Credit Reporting Act
### 15 U.S.C. § 1681 et seq.
### Individually Only against Defendant

66. Plaintiff incorporates by reference each allegation set forth above.

67. Defendant violated 15 U.S.C. § 1681 s-2b as described above and

thus has incurred liability under 15 U.S.C. § 1681(n) and (o) to Plaintiff.

68.  To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

A. The Court certify this matter as a Class and appoint Plaintiff as Class Representative and her attorneys as Class Counsel;

B. Actual Damages;

C. Statutory Damages;

D. Injunctive Relief;

E. Punitive Damages;

F. An order requiring Defendant at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

G. All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

H. Pre- and post-judgment interest; and

I. All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

### JURY DEMAND

69.  Pursuant to her rights under the Seventh Amendment to the United States Constitution, Plaintiff demands a jury on all issues so triable.

Respectfully Submitted this February 10, 2021.

                LAW OFFICES OF TODD M. FRIEDMAN, P.C.
                By:  /s/ Todd M. Friedman
                    Todd M. Friedman
                    Law Offices of Todd M. Friedman
                    Attorney for Plaintiff